UNITED STATES DISTRICT COURT                                          C/M
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
FIAZ AFZAL, M.D.,                                            :
                                  Plaintiff,                 :    **MEMORANDUM DECISION AND**
                                                             :    **ORDER**
                - against -                                  :
                                                             :    16 Civ. 1287 (BMC) (RML)
FLUSHING HOSPITAL, NEW YORK,                                 :
                                                             :
                                  Defendant.                 :
------------------------------------------------------------ X

**COGAN,** District Judge.

Plaintiff *pro se*, a resident of Toronto, Canada, and a licensed physician in the state of New Jersey, filed this *in forma pauperis* action alleging employment discrimination by Flushing Hospital, where he completed his residency in internal medicine in 1996. He seeks damages and injunctive relief. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint without prejudice.

## BACKGROUND

The following facts are drawn from plaintiff's complaint and its attachments, the allegations of which are assumed to be true for purposes of this Memorandum and Order. On June 29, 1994, plaintiff filed an action in Queens County civil court alleging employment discrimination on the basis of plaintiff's race, religion, national origin and age, against defendant hospital where he was to conduct his residency in internal medicine. The matter was settled on September 27, 1994 and plaintiff was able "to complete his graduate medical education training in Internal Medicine in 1996." Defendant issued a certificate on June 30, 1996, verifying that plaintiff satisfactorily fulfilled the training program requirements of internal medicine residency for the period of July 1, 1994 to June 30, 1996. Plaintiff was issued a license to practice

medicine by the state of New Jersey on October 21, 1996; that license is active but expires June 30, 2017.

Plaintiff has relocated to Toronto and is seeking to be licensed as a physician in Canada, which requires him to take an examination. Part of the application for that examination is verification of successful completion of residency and the submission of "assessment forms" of the applicant's training which are to be completed by the hospital at which the residency occurred. Plaintiff alleges that defendant has "refused to verify [his] completed graduate medical education for more than one year." Plaintiff's complaint attaches emails regarding these requests, including a December 2015 email from a credentials agent at the Royal College of Physicians to plaintiff stating that "assessment forms for your training between 07/01/94-06/30/96" were sent four times to three employees of defendant. The complaint also attaches January 2016 emails from plaintiff to Mr. William Jackson and Dr. Karen Beekman, two of those same employees of defendant. The content of the emails to Dr. Beekman is not provided, but plaintiff demanded from Mr. Jackson verification of his medical education, and stated that his failure to provide the verification was "a discrimination issue" that he would raise in court.

Plaintiff alleges employment discrimination. Specifically, he alleges that defendant is failing to provide the information he needs in retaliation for the breach of contract action he filed against defendant in 1994. He seeks damages and an order directing defendant to provide the information to the Royal College of Physicians and "any other credentialing/licensing agency in USA or Canada as required by law."

## STANDARD OF REVIEW

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and that the Court must read a *pro se* complaint liberally and interpret it

raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89 (2007). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. An action is "frivolous" when the claim is based on an indisputably meritless legal theory. Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2d Cir. 1998) (internal quotation marks omitted).

Further, the plaintiff, even if proceeding *pro se*, must establish that the court has subject matter jurisdiction over the action. See, e.g., Hamm v. United States, 483 F.3d 135 (2d Cir. 2007); Ally v. Sukkar, 128 F. App'x 194 (2d Cir. 2005). Federal jurisdiction is available when a federal question is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The requirement of subject matter jurisdiction cannot be waived, United States v. Cotton, 535 U.S. 625 (2002), and its absence may be raised by the court *sua sponte*. See Henderson v. ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011). When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500 (2006); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A. Title VII Claim

Although plaintiff may be able to bring a Title VII claim against defendant, this Court cannot determine the viability of that claim for two reasons. First, it is unclear whether plaintiff exhausted his administrative remedies by filing an EEOC charge against defendant before commencing this action. Second, he has failed to state a plausible claim of retaliation.

**1. Failure to Exhaust Administrative Remedies**

Before filing an employment discrimination complaint in this court, plaintiff must

3

exhaust his administrative remedies. See Legnani v. Alitalia Linee Aeree Italiane, S.P.A, 274 F.3d 683 (2d Cir. 2001). Individuals may bring Title VII claims in federal court only after filing a timely charge of discrimination with the Equal Employment Opportunity Commission, the New York State Division of Human rights or the New York City Commission on Human Rights. See 42 U.S.C. § 2000e-5(e)(1); Weeks v. New York State (Div. of Parole), 273 F. 3d 76 (2d Cir. 2001). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Fernandez v. Chertoff, 471 F.3d 45, 58 (2d Cir. 2006) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

Plaintiff's complaint does not indicate whether plaintiff has filed a charge of discrimination against defendant regarding this current controversy. The complaint does not refer to the filing of such a charge with an administrative agency, and a right-to-sue letter is neither referenced in, nor attached to, the complaint. Thus, the compliant fails to state a claim for employment discrimination on which relief may be granted. Should plaintiff wish to pursue an employment discrimination complaint, he must amend his complaint to either (1) demonstrate that he has exhausted his administrative remedies or (2) suggest a basis for waiver, estoppel or equitable tolling.

### 2. Failure to State a Claim of Retaliation

Although the pleading threshold is low, the complaint also fails to properly plead an employment discrimination claim. The Second Circuit has held that at the pleadings stage of an employment discrimination case, plaintiff has a "minimal burden" of alleging facts "suggesting an inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d 297, 307 (2d Cir. 2015). Even under the most liberal interpretation of plaintiff's allegations, he provides

no facts that could possibly connect or link any adverse employment action to a protected status. Id. at 311.

The thrust of plaintiff's complaint is that defendant is retaliating against him for filing a discrimination claim against defendant in 1994. Under 42 U.S.C. § 2000e-3(a), it is unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII] or because he has made a charge in an investigation, proceeding, or hearing under [Title VII]." In order to establish a prima facie case of retaliation, plaintiff must show (1) that he participated in an activity protected by Title VII, (2) that his participation was known to his employer, (3) that his employer thereafter subjected him to a materially adverse employment action, and (4) that there was a causal connection between the protected activity and the adverse employment action. See Kaytor v. Electric Boat Corp., 609 F. 3d 537 (2d Cir. 2010).

The complaint, as currently drafted, does not state a plausible claim because plaintiff has failed to plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, particularly as to a causal connection between plaintiff's 1994 lawsuit and defendant's current failure to respond to inquiries seeking verification of his completed internal medicine training. See Iqbal, 556 U.S. at 678. The nexus between plaintiff's 1994 lawsuit and his 2015 attempts to obtain verification is far too attenuated to state a claim, even under the most liberal interpretation of plaintiff's allegations. See Littlejohn, 795 F.3d at 311.

**B. Breach of Contract Claim**

Plaintiff's Title VII claim is brought pursuant to the court's federal question jurisdiction. There is another possible basis for the exercise of this court's subject matter over plaintiff's

complaint: breach of contract under New York state law where plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. If the defendant has an obligation to provide the information plaintiff seeks, this claim could possibly be raised under this Court's diversity jurisdiction because plaintiff is a resident of Canada and defendant is located in New York.

Even if plaintiff had invoked this court's diversity jurisdiction, there are at least two problems with proceeding on this basis of subject matter jurisdiction: (1) it is unclear if plaintiff is seeking to raise a breach of contract claim; and (2) there is no indication that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Should plaintiff wish to pursue a state law contract claim in this court, he should file an amended complaint to clarify his theory of liability, allege facts to support a claim of breach of contract, and satisfy the requirements of diversity jurisdiction, including providing with specificity how the amount in controversy exceeds the statutory amount. The court makes no comments on the merits of such a claim. See Don King Productions, Inc. v. Douglas, 742 F.Supp. 741 (S.D.N.Y.1990) (citing Filner v. Shapiro, 633 F.2d 139 (2d Cir.1980)); but see Meller v. Tancer, 174 A.D.2d 374 (1st Dep't 1991).

## **CONCLUSION**

Accordingly, the complaint fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). Specifically, plaintiff has not exhausted his Title VII employment discrimination claim nor set forth facts sufficient to state a retaliation claim. However, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given twenty days leave to file an amended complaint. The amended complaint must provide the defendant with notice of the claims against it and a short, plain statement of the relevant facts supporting his claim or

claims against each defendant. The complaint must "plead enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, and provide a basis for the exercise of this court's subject matter jurisdiction.

Plaintiff is advised that the amended complaint will completely replace his first complaint. The amended complaint must be signed and submitted to the Court within twenty days from the date of this Order, be captioned "AMENDED COMPLAINT" and bear docket number 16-CV-1287 (BMC) (RML). No summons shall issue at this time and all further proceedings shall be stayed for 30 days or until further order of the Court. If Plaintiff fails to amend his complaint within twenty days from the date of this Order is entered on the docket, the Court shall dismiss this complaint for failure to state a claim on which relief may be granted and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

                                            U.S.D.J.

Dated: Brooklyn, New York
       March 22, 2016