UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                            :

FIAZ AFZAL, MD,                          :

                       Plaintiff,       :       **MEMORANDUM**

                                        :       **DECISION AND ORDER**

          - against -              :

                                        :       16 Civ. 1287 (BMC)(RML)

FLUSHING HOSPITAL, NEW YORK,     :

                                        :

                      Defendant.       :

                                                                :
-------------------------------------------------------- X

**COGAN**, District Judge.

      Before the Court is defendant's renewed motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 41(b), citing *pro se* plaintiff's inability to prosecute this case because of his deportation from this country for his convictions for Medicaid fraud. The Court previously deferred ruling on defendant's motion because, although the relevant case law indicates that dismissal is warranted in such cases, it is inappropriate unless the Court gives the plaintiff a reasonable opportunity to rectify his deportation order. The Court granted plaintiff 60 days to either rectify his immigration status or to submit a letter update to the Court regarding the disposition of any matters, either before the Department of Homeland Security or a federal court, relating to his immigration status.

      The Court further advised plaintiff that if his immigration status was not resolved or if he failed to apprise the Court of the status of his efforts, this case may be dismissed. Plaintiff's 60 days has expired without any update from plaintiff. After defendant renewed its motion, however, plaintiff opposed, advising that his visa application remained pending. For the following reasons, defendant's motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice.

# DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b) ] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Dismissal may be warranted when the plaintiff, either represented or proceeding *pro se*, fails to comply with legitimate court directives. Yulle v. Barkley, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007).

"[W]here there is no reasonable possibility that a *pro se* plaintiff can appear at trial because of deportation, the court may dismiss the case for failure to prosecute after providing plaintiff with a reasonable time to rectify the order of deportation." Kuar v. Mawn, No. 08-CV-4401, 2012 WL 3808620, at *6 (E.D.N.Y. Sept. 4, 2012); see also Brown v. Wright, No. 05-CV-82, 2008 WL 346347, at *4 (N.D.N.Y. Feb. 6, 2008) ("Before the harsh remedy of dismissal is imposed based on [plaintiff's] failure to appear in person for a trial, [plaintiff] should be afforded an opportunity to obtain lawful re-admission to the United States."); Fox v. Tryon, No. 15-CV-6196, 2016 WL 4558325, at *2 (W.D.N.Y. Sept. 1, 2016) (giving a removed plaintiff 60 days to rectify his deportation order).

A district court considering the dismissal of a plaintiff's claim for failure to prosecute pursuant to Rule 41(b) must consider the following factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Bafa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). When the deportation of plaintiff provides the basis for the defendant's Rule 41(b) motion, these same five factors should be considered. See, e.g., Reynoso v. Selsky, No. 02-CV-6318, 2011 WL 3322414, at *3 (W.D.N.Y. Aug. 2, 2011). A plaintiff proceeding *pro se* who cannot return to the United States to prosecute his case will inherently satisfy these four of the five factors: plaintiff's duration of non-compliance with a trial order will be indefinite; defendant will certainly be prejudiced in being burdened with the costs of litigating a matter but being left to wait indefinitely to reach the closure of a verdict; the Court's interest in managing its docket disfavors permitting a case to languish indefinitely; and there is no other alternative for the Court.

With respect to the second factor, notice to plaintiff, the Court effected notice when it deferred ruling on the motion to dismiss when defendant first raised it, instead giving plaintiff a chance to rectify his status or update the Court. Plaintiff has not rectified his status, and all that he offers the Court is that his visa application remains pending and was not denied. This is not enough; defendant cannot be left in limbo indefinitely for until the immigration authorities act on his application. In addition, it is relevant to consider the substantial likelihood that plaintiff will not be allowed to return because, under 8 U.S.C. § 1182(a)(2)(A)(i)(I), "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude," which includes fraud, is "ineligible to receive visas and ineligible to be admitted to the United States." That is plaintiff's present situation.

## CONCLUSION

Defendant's motions to dismiss [29] [34] are granted, and plaintiff's second amended complaint is dismissed pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      January 27, 2017